JON M. SANDS
Federal Public Defender
MICHAEL S. RYAN #018139
Assistant Federal Public Defender
250 North 7th Avenue, Suite 600
Phoenix, Arizona 85007
(602) 382-2700 voice
Michael_ryan@fd.org
*Attorneys for Defendant*

In The United States District Court
for the District of Arizona

| | |
|---|---|
| United States of America,<br>Plaintiff,<br>vs.<br>Jacarra Jordan,<br>Defendant. | **No. CR-24-00528-JJT-2**<br><br>**Objection to the Presentence Investigation Report ("PSR")** |

The PSR writer sets the base offense level at 14 under U.S.S.G. § 2K2.1(a)(6)(A), claiming that Ms. Jordan was a "prohibited possessor" by dint of her daily marijuana use. Draft PSR ¶ 50. Although not stated, this is apparently a reference to 18 U.S.C. § 922(g)(3) which purports to make a prohibited possessor out of any person "who is an unlawful user of or addicted to any controlled substance."

In *United States v. Connelly*, 117 F.4th 269 (5th Cir. 2024), however, the Court held that to violate 922(g)(3) the government would have to prove at the very least that Ms. Jordan was under the influence of marijuana at the time she was carrying a firearm or perpetually impaired by her use. *United States v. Connelly*, 117 F.4th 269 (5th Cir. 2024). There is no such evidence here.

The base offense level thus should be 12, under 2K2.1(a)(7).

Both the Second Amendment and Due Process prohibit application of 922(g)(3) against Ms. Jordan under the facts of this case.

Ms. Connelly, like Ms. Jordan, regularly used marijuana. The *Connelly* Court undertook the exhaustive analysis of the history of laws about carrying firearms and substance use required under *New York State Rifle & Pistol Association, Inc. v. Bruen*, 597 U.S. 1 (2022) and *United States v. Rahimi*, 602 US. 680 (2024). The Court held that the statute would survive Second Amendment scrutiny only if the person was actually impaired while handling the firearm or was somehow perpetually impaired by the use of the substance. *Connelly*, 117 F.4th at 275-277. There is no such evidence here.

The evidence here apparently derives from what Ms. Jordan revealed during her Pretrial Services interview. She stated she used marijuana daily since she was 16 years old.

And, due process demands that the government prove that Ms. Jordan used the substance "contemporaneous with [her] purchase or possession of the firearm" in order to violate 922(g)(3). *United States v. Purdy*, 264 F.3d 809, 813 (9th Cir. 2001) (a witness testified that she and defendant were using methamphetamine at the day of his arrest when the firearm was seized from the house they were in). There is no such evidence here.

Thus, the base offense level should be 12, not 14, under 2K2.1(a)(7).

Respectfully submitted: May 1, 2025.

JON M. SANDS
Federal Public Defender

*s/Michael S. Ryan*
Michael S. Ryan
Assistant Federal Public Defender
*Attorney for Defendant*