Kaitlin Verdura #025802
Verdura Law Group PLLC
PO Box 45345
Phoenix, AZ 85064
(602) 421-0515 phone
(877) 257-8895 fax
*e-mail: kv@verduralaw.com*

Attorney for Defendant

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

United States of America,

Plaintiff,

vs.

Robert Edwards,

Defendant.

Case No. CR-24-528-1-PHX-JJT

**DEFENDANT'S COMBINED PSR OBJECTIONS AND SENTENCING MEMORANDUM**

**(Assigned to the Honorable Judge John J. Tuchi)**

The defendant, Robert Edwards, through counsel, respectfully objects to the application of the following sentencing enhancements noted in his draft presentence report: (1) Paragraph 52, the Six-Level Enhancement Under §2K2.1(b)(1)(C); and (2) Paragraph 54, the Four-Level Role Enhancement Under §3B1.1(a). (See Draft PSR, Dkt #117.)

Additionally, Mr. Edwards requests a sentence below the advisory guideline range. He acknowledges the seriousness of the offense of conviction. However, he respectfully submits that a sentence or a variance below the guideline range is sufficient but not greater than necessary to comply with the purposes of sentencing set forth in 18 U.S.C. § 3553(a). Specifically, Mr. Edwards would like the Court to consider a probation grant. However, if that is not feasible, he requests a sentence

below the recommended thirty-three months proposed by the presentence report writer, followed by a term of supervised release. He always welcomes the RDAP program.

**<u>Objection 1</u>: The Six-Level Enhancement Under §2K2.1(b)(1)(C).**

Here, Mr. Edwards received a six-level enhancement because he was reportedly responsible for all relevant conduct, specifically 86 firearms. (PSR ⁋ 52.) However, Mr. Edwards pled guilty solely to Count 5 involving the false statement related to a discrete transaction. While relevant conduct may be considered under §1B1.3, the scope of that conduct must be jointly undertaken, reasonably foreseeable, and within the scope of the criminal activity the defendant agreed to undertake.

The report writer's attribution of firearms purchased by multiple co-defendants and unindicted co-conspirators is speculative and overbroad. There is insufficient evidence that Mr. Edwards personally directed, knew of, or intended the purchase of each firearm included in the tally. Some firearms attributed to him were purchased months apart, by different people, without direct evidence of his contemporaneous involvement or knowledge. For example, Jacarra Jordan admitted that she purchased some firearms for herself for personal protection. (PSR ⁋ 18.) She also reported that she sold firearms to strangers on her own for money. (PSR ⁋ 19.) Thus, there is no evidence that Mr. Edwards directed, or was even aware of, these purchases. For this reason, the enhancement should be reduced from a six-level increase to no more than a two to four-level increase for 24 firearms or less under §2K2.1(b)(1)(A)).

**<u>Objection 2</u>: The Four-Level Role Enhancement Under §3B1.1(a)**

The PSR applies a four-level increase to Mr. Ewards' guidelines for being an organizer or leader of criminal activity involving five or more participants. (PSR ⁋ 54.) While the government alleges Mr. Edwards directed three charged individuals (Jordan, Jones, and Nelson) and three unindicted co-conspirators, the record does not

establish the degree of control and decision-making authority required for a §3B1.1(a) enhancement.

Merely providing money or asking others to purchase firearms does not demonstrate that Mr. Edwards exercised the level of control envisioned by §3B1.1(a). At most, a two-level enhancement under §3B1.1(c) (organizer/leader of fewer than five) may apply—if the Court finds the requisite leadership conduct. The evidence of coordination, hierarchy, or planning is insufficient to justify a four-level increase.

**Sentencing Recommendation**

Mr. Edwards is a 32-year-old U.S. Army veteran who has taken considerable steps to rebuild his life and contribute positively to his community. He is the father of two children, with a third child expected soon. He resides in a stable home with his long-term girlfriend and has maintained full-time employment at a warehouse, demonstrating a strong work ethic and commitment to providing for his family. He has also donated plasma on multiple occasions, demonstrating his commitment to give back to the community.

Since his release to pretrial supervision, Mr. Edwards has remained compliant with all conditions with the limited exception of his failure to resolve an out-of-state warrant. This issue was discussed by the parties when the issue arose. Mr. Edwards made efforts to resolve the matter, but due to the active warrant, he was unable to fly out of state to self-surrender. Additionally, his self-surrender in that matter would have likely postponed this matter for an unknown period. However, Mr. Edwards has every intention of resolving that matter as soon as his matter in this district is resolved. Aside from his outstanding warrant, Mr. Edwards has had no significant violations while on pretrial release. He has consistently tested negative on all urinalysis screens, and has remained sober for over a year. These actions reflect his genuine desire to change and his ongoing efforts to live a law-abiding and responsible life.

Given the age of this case and the progress he has made, Mr. Edwards respectfully requests the opportunity to continue his rehabilitation through probation. He feels that his full-time employment, commitment to providing for his children and lengthy period of sobriety since this incident, demonstrate his progress and support this request. However, if the Court determines that a term of incarceration is necessary, he respectfully asks to be considered for placement in the RDAP (Residential Drug Abuse Program), where he can continue to address the underlying issues that contributed to his past conduct and develop the tools needed to maintain sobriety.

In summary, Mr. Edwards requests some degree of leniency from the Court. The requested sentence accounts for Mr. Edwards' unique characteristics and circumstances and achieves the goals of punishment, deterrence and promotion of respect for the law. Mr. Edwards has read and reviewed all the recommended mandatory, standard and special conditions of supervision. He has no objections to the imposition of any of the recommended terms and waives a formal reading of those conditions on the record.

Respectfully submitted: May 3, 2025.

VERDURA LAW GROUP PLLC

*s/Kaitlin S. Verdura*
Kaitlin S. Verdura
Attorney for Defendant

Copy of the foregoing transmitted
by ECF for filing May 3, 2025, to:

Clerk's Office
United States District Court
Sandra Day O'Connor Courthouse
401 W. Washington
Phoenix, Arizona 85003

Joseph Koehler
Assistant U.S. Attorney
Two Renaissance Square
40 N. Central Avenue, Suite 1800
Phoenix, Arizona 85004-4408
By: *s/Kaitlin S. Verdura*